IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENT DUTKEVITCH, a minor, by and through his parent, Sharon Dutkevitch, and SHARON DUTKEVITCH, individually and on behalf of her son, | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) 3:07-cv-1672 |
| WEST SIDE AREA VO-TECH SCHOOL and PITTSTON AREA SCHOOL DISTRICT, | )<br>)<br>)<br>) |
| Defendants. | ) |

O R D E R

AND NOW, this 12th day of January, 2012, upon consideration of Plaintiffs' "Motion and Declaration to Vacate Judgment" (Document No. 112),[1] filed in the above-captioned matter on July 28, 2011, and upon further consideration of Defendants' response thereto (Document No. 116), filed on August 11, 2011, and Plaintiff's reply (Document No. 118), filed on August 16, 2011,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND FURTHER, upon consideration of Plaintiffs' "Motion for

---

[1] It is not entirely clear whether the present motions were filed by the Plaintiffs jointly or just by one Plaintiff or the other. In an effort to read the pro se motions as broadly as possible, the Court will assume that they were filed by both Plaintiffs jointly.

1

Sanctions" (Document No. 113), filed in the above-captioned matter on July 28, 2011, and upon further consideration of Defendants' response thereto (Document No. 115), filed on August 11, 2011, and Plaintiff's reply (Document No. 117), filed on August 16, 2011,

IT IS HEREBY ORDERED that said Motion is DENIED.

Final Judgment has been entered in this case, and the case is closed. Plaintiffs offer no basis for reopening the case in order to vacate judgment, so the Court will assume that they seek relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). Regardless, under any circumstances, Plaintiffs are not entitled to the relief they seek.

Plaintiffs seek to have the judgment in this case vacated on two grounds. The first is that Plaintiff Vincent Dutkevitch, who was a minor at the time he and his mother commenced this litigation, is now an adult, yet was never added as an adult party in this case. Plaintiffs allege that he was not appointed an attorney as a minor or as an adult, that he never, as an adult, waived his right to an Article III judge, and that he was not served or asked to participate in court proceedings. The second ground is that the Defendants abused the process and committed fraud upon the courts by misrepresenting facts regarding Vincent's relationship with the Pittston Area School District at court proceedings on March 11, 2009, and July 12, 2011. Neither ground has any merit.

2

Rule 60(b) provides for relief from a final judgment or order on certain grounds. "Rule 60(b) motions are viewed as 'extraordinary relief which should be granted only where extraordinary justifying circumstances are present.'" Kiburz v. Secretary, U.S. Dept. of the Navy, 2011 WL 4537728, at *2 (3d Cir. Oct. 3, 2011) (quoting Bohus v. Beloff, 950 F.2d 919, 929 (3d Cir. 1991)). See also Santiago v. Nash, 268 Fed. Appx. 177, 178 (3d Cir. 2008). Accordingly, a Rule 60(b) movant bears a heavy burden, requiring more than merely the potential significance of the new information. See Santiago, 268 Fed. Appx. at 178 (citing Bohus, 950 F.2d at 929).

Plaintiffs do not indicate the subsection of Rule 60(b) under which they seek relief as to their first ground, and it is not clear which subsection would apply to their claim. However, in any event, their claims are not supported by the record. Vincent was, indeed, represented by counsel, Sarah Dragotta, from August 14, 2008, until the filing of the notice of appeal. On appeal, he was represented, pro bono, by Dechert LLP.[2] Further, there is no indication that he was denied any opportunity to participate in the case in any way. Plaintiffs do not allege, much less provide

---

[2] The Court further notes that the Sixth Amendment does not govern civil cases in any event, and that an indigent generally has a right to counsel in a civil case only when his or her physical liberty is at jeopardy, which, of course, is not the case here. See Turner v. Rogers, 131 S. Ct. 2507, 2516 (2011).

3

any support for the position that his interests were not fully protected throughout the adjudication of his claims on their merits. Indeed, not only did he have counsel, his mother, with whom he resided, was his co-Plaintiff. In no way have Plaintiffs alleged any extraordinary circumstances that would merit relief under Rule 60(b) as to the first ground for relief.

Relief in regard to the second ground is clearly, though not explicitly, sought pursuant to Rule 60(b)(3). To prevail under this rule, "'the movant must establish that (1) the adverse party engaged in fraud or other misconduct, and (2) this conduct prevented the moving party from fully and fairly presenting his case.'" Floorgraphics, Inc. v. News America Marketing In-Store Services, Inc., 434 Fed. Appx. 109, 111-12 (3d Cir. 2011) (quoting Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. 1983)). In order to sustain their burden, Plaintiffs must prove the alleged fraud by clear and convincing evidence. See id.

Here, Plaintiffs allege that Defendants engaged in fraud by presenting contrary facts at oral argument before Magistrate Judge Blewitt and before the Third Circuit Court of Appeals. The claim is vague and seems to be based on nothing more than a disagreement with Defendants' contrary representations regarding the facts. Plaintiffs provide no basis for the claim that the Defendants' actions were fraudulent, either in the motion or in the declaration. However, even assuming that the vague allegation was

4

sufficient, Plaintiffs do not make any allegations as to how the alleged fraud prevented them from fully and fairly presenting their case. They could and did present their version of the facts before the district and appellate courts. As such, there is no basis for relief under Rule 60(b)(3).

As to Plaintiffs' motion for sanctions, the Court notes that nothing in the record suggests that Defendants' presentation of facts in defense of the suit brought by Plaintiffs was in any way improper. Plaintiffs' mere disagreement with those facts does not render them sanctionable. Plaintiffs point to nothing that would demonstrate an objective knowledge or belief on behalf of the Defendants at the relevant time that the facts alleged by Defendants were not well-grounded in fact and law. See <u>Ford Motor Co. v. Summit Motor Prod., Inc.</u>, 930 F.2d 277, 289 (3d Cir. 1991).

Accordingly, both the Motion and Declaration to Vacate Judgment and the Motion for Sanctions are denied in their entirety.

                                             s/Alan N. Bloch
                                             United States District Judge

ecf:      Counsel of record

cc:       Sharon Dutkevitch
           Vincent Dutkevitch
           114 S. Main Street, R
           Pittston, PA 18640
           (forwarded regular and certified mail)